E-FILED
Friday, 06 March, 2026  10:33:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **JACQUELYN R. MONROE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **No. 2:26-cv-2069-CSB-EIL** |
| | ) | |
| **FITNESS VENTURES - CHAMPAIGN** | ) | |
| **LLC,  d/b/a CRUNCH  FITNESS,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT AT LAW

NOW COMES, Plaintiff, Ms. Jacquelyn Monroe, by and through her attorney of record, Ronald S. Langacker, and for her Complaint at Law against Defendant Fitness Ventures – Champaign, LLC d/b/a Crunch Fitness, hereby states as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy unlawful discrimination practices on the basis of race and retaliation as stated under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Plaintiff seeks injunctive relief including but not limited to: back pay, reinstatement to her prior position, other make-whole relief, compensatory damages, and punitive damages against Defendant.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3.

3. Venue is proper in the Urbana Division of the Central District of Illinois because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.  Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

5.  Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in cause 440-2023-0600, on October 16, 2023 (Exhibit A), and an Amended Charge of Discrimination on April 11, 2024 (Exhibit B). The EEOC issued a Determination dated July 1, 2025, indicating that the "investigation established reasonable cause to believe that [Crunch Fitness] discriminated against [Monroe] because of her race, Black, and in retaliation for engaging in protected activity" (Exhibit C). Plaintiff received a Notice of Right to Sue from the EEOC on December 17, 2025 (Exhibit D).

## PARTIES

6.  Plaintiff, Ms. Jacquelyn Monroe, is a permanent resident of the United States who, at the time of the events in question, resided within Champaign, Illinois. Plaintiff is a protected party under VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as she is a Black female.

7.  Defendant, Fitness Ventures – Champaign, LLC d/b/a Crunch Fitness ("Crunch Fitness"), is a gym and group fitness facility with a location in Champaign, Illinois. During all relevant times, Crunch constitutes a corporation doing business within this judicial district. Crunch is a covered entity within the meaning of the Civil Rights Act of 1866, and further, is an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF FACTS

8.  Plaintiff Jacquelyn Monroe was hired as a Group Fitness Coordinator at the Champaign Crunch Fitness location in October 2019.

2

9. At all relevant times, Plaintiff met and exceeded the employer's reasonable expectations.

10. On or about January 13, 2023, Plaintiff received an email from Group Fitness Director Cristal Barnes stating that her club was listed among "underperforming clubs." Plaintiff disputed that her club was underperforming, and provided metrics to refute the claim.

11. Subsequent to the allegations that Plaintiff's Crunch Fitness location was "underperforming," Plaintiff raised concerns to General Manager Josh Noel that she had experienced discriminatory treatment due to her race from Barnes and other Crunch employees.

12. In February 2023, Plaintiff was placed on a performance improvement plan ("PIP"). Plaintiff denies any performance issues and believes the PIP was retaliatory for her participation in protected activity after speaking with Noel regarding Barnes' discriminatory treatment.

13. On or about March 6, 2023, Plaintiff communicated her experience of experiencing discrimination at Crunch Fitness to the company's Chief Culture Officer, John Armatas.

14. Armatas responded that he believed Barnes was discriminating against Plaintiff because Barnes "was from Kansas," attempting to excuse Barnes' behavior.

15. Barnes was not reprimanded or disciplined for her discriminatory behavior.

16. In April of 2023, shortly before Plaintiff's termination, a senior Crunch leader used race-coded terms to describe Plaintiff, including calling Plaintiff "angry" and "hostile." Plaintiff contacted General Manager Josh Noel to report that such terms were discriminatory toward Black employees.

17. On or about April 21, 2023, Defendants terminated Plaintiff's employment.

18. Moments after Plaintiff's termination, Defendants disseminated an internal announcement to a broad group  stating Plaintiff was "no longer with the Fitness Ventures CRUNCH team,"

which was humiliating to Plaintiff and inconsistent with how others were treated following their terminations.

## COUNT I
### (Discrimination on the Basis of Race in Violation of Title VII)

19. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

20. Plaintiff is in a protected class in that her race is Black.

21. At all times during the course of her employment, Plaintiff performed her job duties and satisfied all reasonable expectations in connection with her employment.

22. Plaintiff has suffered an adverse employment action as she was terminated from her employment.

23. By the conduct described above, Defendant has willfully and intentionally, with malice or reckless disregard of Plaintiff's rights, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of Plaintiff's employment.

24. Plaintiff was treated differently than her similarly situated coworker(s). Other individuals who were not members of Plaintiff's protected class with similar contributions and achievements have not been terminated under similar circumstances.

25. That as a direct and proximate result of one or more of the above acts of discrimination, Plaintiff has sustained monetary damages, damages to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT II
### (Retaliation in Violation of Title VII)

26. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

27. Title VII makes it unlawful for an employer to discriminate against an employee because he

4

or she has opposed any practice made unlawful by Title VII, or if he or she has made a charge, testified, assisted in any manner in an investigation, proceeding, or hearing under Title VII.

28. At all relevant times, Plaintiff performed her job duties and satisfied all reasonable expectations imposed upon her in connection with her employment.

29. Plaintiff engaged in a protected activity when she reported discriminatory treatment to her General Manager in January 2023.

30. On approximately February 2023, Plaintiff was placed on a performance improvement plan ("PIP"). Plaintiff denies any performance issues and believes the PIP was retaliatory for her participation in protected activity.

31. Plaintiff engaged in a protected activity when she reported discriminatory treatment to her Chief Culture Officer in March 2023.

32. On April 21, 2023, Plaintiff was terminated from her employment.

33. As a result of having engaged in protected activity, materially adverse employment actions were taken against Plaintiff.

34. A causal and temporal relationship exists between Plaintiff's protected activity and the adverse employment action(s) taken by Defendant against Plaintiff.

35. Plaintiff was not given a legitimate, non-discriminatory reason for her termination, and moreover, any professed reason by Defendant for her termination was pretextual.

36. Defendant has subjected Plaintiff to the above-described less favorable terms and conditions of employment, failed to take proper steps to address Plaintiff's complaints of discrimination, and terminated Plaintiff's employment because of her protected activity in violation of Title VII.

37. Plaintiff has sustained damages equal to lost monetary damages, damage to her reputation,

emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jacquelyn Monroe prays that this Court:

A.  Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limits under Title VII of the Civil Rights Act as well as incidental, consequential, and punitive damages;

B.  Order that Defendant reinstate Plaintiff to her prior position;

C.  Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate Plaintiff, and grant a judgment against Defendant for punitive damages;

D.  Assess against Defendant, and in favor of Plaintiff, such liquidated and exemplary damages as may be provided by law for the willful violations of the law;

E.  Award Plaintiff damages for pain and suffering;

F.  Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G.  Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H.  Grant Plaintiff such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

JACQUELYN MONROE,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker, #6239469
Attorney for Plaintiff
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
ron@langackerlaw.com

6